IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZANE R. CRADDOCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-245-F |
| | ) |
| JIM FARRIS, Warden, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on grounds that prison officials refuse to credit his sentences with time served in county jail. Doc. 1. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent moves for dismissal, arguing that Petitioner's subsequent release from confinement has rendered the petition moot. Doc. 12. Petitioner did not respond. The undersigned agrees with Respondent and recommends that the court dismiss Petitioner's habeas petition.

I.  Analysis.

Federal courts "may only decide actual ongoing cases or controversies." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (citation omitted). So, "if an event occurs while a case is pending . . . that makes it impossible for the

court to grant 'any effectual relief whatever to a prevailing party,'" the case becomes moot. *Id.* at 1212-13 (citation and internal quotations omitted).

Petitioner challenges the computation of his sentences, but he has now completed those sentences and has been released from confinement to begin service of a seventeen-year term of supervised probation. Doc. 12, Exs. 1, 2.[1] Clearly, the court cannot now shorten his term of imprisonment. *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) ("Rhodes has completed his prison sentence. To the extent that he seeks a shorter term of imprisonment, it is obviously no longer possible to provide such relief."). So, to survive dismissal, Petitioner must show that prevailing in this Court would affect his term of supervised probation. *See id.* ("[A] defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced or eliminated by a favorable [court] ruling." (citation omitted)).

---

[1] Petitioner's supervised probation is not a continuation of his sentences, but is a separate term of supervision which began only after his sentences were complete and he was released from custody. *See* Okla. Stat. tit. 22, § 991a(E) ("In the case of a person convicted of a sex offense [as was Petitioner], supervision shall begin immediately upon release from incarceration . . . ."); *see also Fields v. Driesel*, 941 P.2d 1000, 1009 (Okla. Crim. App. 1997) ("[A]n inmate who is subject to . . . supervision by a probation officer [] has significant restrictions upon his liberty. Notwithstanding such restrictions, however, such an inmate is not in custody.") (Chapel, P.J., dissenting).

Petitioner did not respond with any such argument, and the undersigned finds no authority which would suggest that the court's modification of his now-served sentences would alter his seventeen-year probationary term. *See Aragon v. Shanks*, 144 F.3d 690, 692 (10th Cir. 1998) (dismissing petitioner's § 2241 habeas appeal challenging his sentence calculation as moot after he was released from incarceration to begin a term of probation and holding that "[petitioner] has not cited and this court has not discovered any cases which stand for the proposition that the length of a mandatory term of probation could in any way be affected by a retroactive application of good time credits"); *McCain v. Jones*, No. 08-CV-97-CVE-PJC, 2008 WL 4104524, at *1-2 (N.D. Okla. Aug. 28, 2008) (unpublished order) (finding moot petitioner's § 2241 petition where inmate had filed the petition challenging the computation of his sentence and had thereafter been released from confinement to serve a seventeen year term of probation, noting the lack of any authority to suggest that "a retroactive application of good time credits" would affect petitioner's term of probation). So, because the court cannot grant any "effectual relief," the undersigned finds that Petitioner's habeas petition is moot.

**II. Recommendation and notice of right to object.**

For the foregoing reasons, the undersigned finds that Petitioner's habeas petition is moot and the court should dismiss it on that ground.

Petitioner is advised of his right to file an objection to this report and recommendation with the Clerk of this Court by July 7, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 17th day of June, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE